UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVEED SYED,

       Plaintiff,

    vs.

                                  Case No. 15-12242

GATEWAY COMMUNITY
HEALTH, INC. and                        HON. GEORGE CARAM STEEH
MICHELLE WELLS,

       Defendants.

_____/

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS [DOC. 17] AND GRANTING PLAINTIFF'S
<u>MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [DOC. 20]</u>

On July 15, 2015, plaintiff Javeed Syed, acting *in pro per*, filed his amended complaint against defendants alleging discrimination in employment on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964. Plaintiff was unsuccessful in his attempt to serve defendants. On December 15, 2015, plaintiff retained counsel to represent him. Defendants were served with the Summons and First Amended Complaint on February 1, 2016. Defendant filed a motion to dismiss on February 15, 2016. Plaintiff filed a response to the motion on March 15, 2016 and a motion for leave to file a second amended complaint on March 16, 2016. Both motions are now before the court. The court is familiar with the case and does not believe that it would benefit from oral argument. Local Rule 7.1(f). For the reasons that follow, the court grants plaintiff's motion to amend and denies defendants' motion to dismiss.

-1-

I. <u>Applicable Standards</u>

    A.  <u>Motion to Amend</u>

    Plaintiff's motion seeking leave to amend is filed pursuant to Federal Rule of Civil Procedure 15(a)(2) because it was filed more than 21 days after service of defendants' motion to dismiss. Leave to amend is to be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). When a motion seeking leave to amend is filed while a motion to dismiss is pending, the district court is to consider the motion to dismiss in light of the proposed amendments to the complaint and determine whether the proposed amendments would cure the identified deficiencies. *Begala v. PNH Bank*, 214 F.3d 776, 674 (6th Cir. 2000).

    B.  <u>Motion to Dismiss</u>

    Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555) (other citations omitted). Even though the complaint need

not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051 (6th Cir. 2011) (*citing Twombly*, 550 U.S. at 555).

II.  Factual and Procedural Background

Plaintiff was employed by Gateway Community Health and Detroit East Health Services (d/b/a "Gateway Detroit East") for approximately the same period of time. Plaintiff is a medical doctor who is Asian Indian.  He was terminated by both entities, which he alleges share the same management structure and are parent and subsidiary. Plaintiff was terminated from Gateway Detroit East on October 31, 2013 and was replaced by an African American employee.  Plaintiff was terminated from Gateway Community Health on April 1, 2014.

Plaintiff contends that prior to his terminations, he complained to his employer about other employees billing and charging for home visits they had not made.  Plaintiff also contends that he was subjected to comments stereotyping of and denigrating to Asian Indians.  Plaintiff's first amended complaint alleges he was terminated from his employment with defendants Gateway Community Health and its director Michelle Wells in violation of Title VII due to his race and national origin.

Defendants filed a motion to dismiss arguing that plaintiff does not have a Title VII claim against Ms. Wells because she was not his employer and she was not named by plaintiff in his administrative EEOC charge.  Plaintiff agrees with defendant's assessment as to the Title VII claim and seeks to amend his complaint to add a state claim under Michigan's Elliott Larsen Civil Rights Act against Ms. Wells.  Defendants

-3-

also move for dismissal of the Title VII claims against Gateway Community Health
because plaintiff failed to file his administrative charge with the EEOC within 300 days
after the alleged acts of discrimination occurred.  Plaintiff responds to this argument with
evidence that his claims are timely, and seeks leave to amend to add Gateway Detroit
East as a defendant, as well as to add claims pursuant to the Elliott Larsen Civil Rights
Act, the False Claims Act and Michigan's Medicare Fraud Act against Gateway
Community Health and Gateway Detroit East.

III.  Law and Analysis

As a statutory prerequisite to bringing suit under Title VII, a claimant must timely
file an administrative charge with the EEOC or analogous state agency and receive a
right-to-sue letter at the conclusion of the administrative proceedings.  42 U.S.C. §
2000e-5(f)(1).  The filing period for claimants in states which have their own fair
employment laws, like Michigan, have a limitations period of 300 days from the alleged
discrimination to file the administrative charge.  *Sherman v. Optical Imaging Systems,
Inc.*, 843 F.Supp. 1168 (E.D. Mich. 1994).

It appears that plaintiff did not attach a copy of the EEOC charge to his first
amended complaint.  In response to the motion to dismiss, plaintiff does attach the
charge, which shows that it was filed on January 23, 2015.  In that charge, plaintiff
alleges that the latest date of discrimination was April 1, 2014.  Three hundred days
from April 1, 2014 is January 26, 2015.  Therefore, plaintiff's charge was timely filed.
Plaintiff filed an amended charge on March 10, 2015 alleging both race and national
origin discrimination.  Plaintiff argues that the amendment was necessary because the
EEOC failed to include the race discrimination in his original charge.  A charge that is

-4-

amended to cure a defect or omission relates back to the date the charge was first received. 29 C.F.R. § 1601.12(b). The court finds that plaintiff's Title VII claim against Gateway Community Health is not time barred and is not subject to dismissal on that basis.

Plaintiff filed his motion to amend without undue delay after defendants filed their motion to dismiss. The proposed amendments relate to the issues in the original complaint and should not lead to prejudice or unfair surprise. For these reasons, the court will grant plaintiff's request for leave to file his second amended complaint.

<u>CONCLUSION</u>

For the reasons stated, the court grants defendants' motion to dismiss the Title VII claims against defendant Michelle Wells. The remainder of defendants' motion to dismiss is denied. Plaintiff's motion for leave to file second amended complaint is granted.

Dated: April 19, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 19, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---